**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CYNTHIA LANGSTON STERNBERG**                                **PLAINTIFF**

**VS.**                             **CIVIL ACTION NO. 3:17-CV-6-HTW-LRA**

**CHRISTOPHER PURDUM, ET AL**                                 **DEFENDANTS**

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On January 4, 2017, Cynthia Langston Sternberg [hereinafter "Plaintiff"] filed a Complaint [1] in this Court charging Defendants with attorney malpractice and related causes of actions. On the same date, she filed an Application to Proceed in District Court Without Prepaying Fees or Costs, [3], requesting that the prepayment of filing fees and costs be waived pursuant to 28 U.S.C. § 1915. She utilized the short form financial affidavit, and this Court directed that she complete the long form financial affidavit and return it on or before January 25, 2017. On January 27, 2017, she filed the long form affidavit [4], and the Court has considered the information contained on both.

After a review of the sworn Financial Affidavits filed with the Court, it is the opinion of the Magistrate Judge that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*. Plaintiff has a monthly disability income of $2,000 per month and child support in the amount of $511 per month. On the short form, Plaintiff also listed $500 in "dividend payment on percentage share of stock." It is unclear whether the $500 dividend payments are monthly or annually. She also listed ".02 share of stock in

Marrero Land & Improvement Association Limited," valued at $900 on the short form, although this is not listed on her long form. She did not explain the discrepancy.

Her expenses on the short form affidavit included $3000 per month in rent; $330 in utilities; $320 car note; and, $250 in car insurance. On the long form, her rent is only $800 per month, and the amounts paid for utilities, car note and car insurance differ in the long form. Her total monthly expenses (including rent) in the short form are $2,283. She supports two minor children and has no debts except for her car payment. She owns a 2009 Mercedes valued at $7,500.00.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that she has a regular income, the undersigned finds that she could pay filing costs without undue financial hardship if given thirty days to pay the filing fees. She will not be rendered destitute by

2

paying the filing fees in thirty days, as she does have a monthly income. She could sell her stock or use a portion of her monthly income to pay her filing fees. If meritorious, this is a fee-producing case, and Plaintiff will be able to recoup the fees charged in this case. Taxpayers should not bear the costs of private civil litigation unless a litigant is actually barred from the courts due to her finances.

Because Plaintiff will not be barred from the federal courts due to her lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied. Plaintiff shall be given approximately thirty days to pay the filing fees in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before **March 6, 2017.** If Plaintiff does not object to this recommendation in a timely manner, and does not pay the filing fees by March 6, 2017, this case should be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed with fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

IT IS ORDERED that Plaintiff shall pay the full filing fees in this case on or before **March 6, 2017,** unless she appeals this recommendation to the district judge**.**

THIS the 31st day of January 2017.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE